CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
AUG 10 2009
JOHN F CORCORAN, CLERK
BY: /s/ Knotts
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 5:09cr00022-2 |
| ) | |
| v. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| ELIZABETH ANN COOPER, ) | |
| ) | By: Hon. James G. Welsh |
| *Defendant* ) | U.S. Magistrate Judge |

The Grand Jury previously returned a multi-count Indictment charging in **Count One** that beginning on or about December 2008 this defendant knowingly and intentionally combined, conspired, confederated and agreed with other persons, both known and unknown to the Grand Jury, to distribute five hundred (500) grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C.§§ 841(a)(1) and 841(b)(1)(B), all in violation of Title 21, United States Code, Section 846; charging in **Count Two** that on or about January 23, 2009 this defendant knowingly and intentionally distributed a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C.§§ 841(a)(1) and 841(b)(1)(c); charging in **Count Three** that on or about January 28, 2009 this defendant knowingly and intentionally distributed a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C.§§ 841(a)(1) and 841(b)(1)(C); charging in **Count Four** that on or about February 3, 2009 this defendant knowingly and intentionally distributed a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C.§§

841(a)(1) and 841(b)(1)(c); charging in **Count Five** that on or about February 10, 2009 this defendant knowingly and intentionally distributed a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C.§§ 841(a)(1) and 841(b)(1)(c); charging in **Count Six** that on or about February 18, 2009 this defendant knowingly and intentionally distributed a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C.§§ 841(a)(1) and 841(b)(1)(c); and charging in **Count Seven** that on or about February 19, 2009 this defendant knowingly and intentionally distributed a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C.§§ 841(a)(1) and 841(b)(1)(c). In addition the Indictment contained a **Notice of Forfeiture**.

The defendant was previously arraigned and entered pleas of Not Guilty to each of these charges. The defendant having now indicated an intent to change her plea to one of these charges, this case was referred to the undersigned for the purpose of conducting a plea hearing in accordance with the provisions of 28 U.S.C. § 636(b)(3).

Pursuant thereto, a plea hearing was held on August 7, 2009. The defendant was at all times present in person and with her counsel, Michael T. Hemenway. The United States was represented by Ronald M. Huber, Assistant United States Attorney. The proceedings were recorded by a court reporter. *See* Rule 11(g). With the defendant's informed and written consent, the undersigned made a Rule 11 inquiry; the government presented a written proffer of evidence for the purpose of establishing an independent basis for the plea, and the defendant entered a plea of guilty to the felony

2

offense charged in Count One of the Indictment.

## DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

The defendant was placed under oath and addressed personally in open court. She expressly acknowledged that she was obligated to testify truthfully in all respects under penalty of perjury and that she understood the government's right, in a prosecution for perjury or false statement, to use against her any statement that she gives under oath. *See* Rule 11(b)(1)(A).

The defendant testified to the following personal facts: her full legal name is Elizabeth Ann Cooper; she is twenty-eight (28) years of age; she is a high school graduate and has some additional college level schooling, and she can read, write, and understand English without difficulty. She testified that she had no medical condition, either physical or mental, which might interfere with her ability to understand and to participate fully in the proceeding, that she was using no alcoholic beverage, medication or drugs which might impair her ability to participate fully in the proceeding, that her mind was clear, and that she understood she was in court for the purpose of entering a plea of guilty to a felony offense which she could not later withdraw. Upon inquiry, the defendant's attorney represented that he had no reservations about the defendant's competency to change her plea and to enter a plea of guilty.

The defendant acknowledged that she had received a copy of the Indictment. She stated that she had discussed the charges with her attorney and had been given enough time to do so. She stated

3

that she understood the nature of each of the charges against her in the Indictment and understood each was a felony offense. *See* Rule 11(b)(1)(G). She testified that she had discussed any possible defenses with her attorney and that she had been given adequate time to prepare any defenses she might have to the charges. She stated that her decision to enter a plea of guilty to one of the charges had been made after consulting with her attorney, that she was fully satisfied with the services of her attorney, and that it was her intention and desire to change one of her prior pleas and to enter a plea of guilty to the charge pending against her in Count One.

The defendant confirmed that she fully recognized and understood her right to have the Rule 11 hearing conducted by a United States district judge, and she gave her verbal and written consent to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

The attorney for the government informed the court that the defendant's proposed plea was being made pursuant to a written plea agreement. *See* Rule 11(c)(2). By counsel, the government's understanding of the plea agreement was then stated in some detail, including: the parties' agreement for the defendant to plead guilty to Count One of the Indictment [¶ A.1.]; the terms of the government's agreement to dismiss the remaining counts of the Indictment at the time of sentencing [¶ A.3]; the defendant's express acknowledgment of the mandatory minimum penalty for violation of 21 U.S.C. §§ 841(b)(1)(B) and 846 [¶ A.1]; the defendant's express acknowledgment of the possible maximum statutory penalty for violation of said criminal statutes [¶ A.1.]; the defendant's express understanding that she may be required to pay fees for her incarceration and supervised

release, that she may be required to pay restitution, and that her assets may be subject to forfeiture [¶¶ A.1. and B.4.a.]; the defendant's express admission of her factual guilt to the offense charged in Count One of the Indictment [¶ A.1.]; the defendant's obligation to pay a $100.00 special assessment in full prior to entry of her guilty plea and the related restitution and assessment provision [¶¶ A.1 and B.4.a.]; the defendant's acknowledgment of the trial rights waived by entry of a voluntary plea of guilty [¶ A.2.]; the agreement's provision outlining the fact that sentencing is within the sole discretion of the court "subject to its consideration" of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) [¶ B.1.]; the defendant's express recognition that she would not be allowed to withdraw her guilty plea irrespective of the sentence imposed by the court [¶ B.1.]; the parties' express stipulation of the applicability at sentencing of Sentencing Guideline 2D1.1(a)(3)[1] to the defendant's conduct; [¶ B.2.]; the parties stipulation that to the extent that it was not inconsistent with the terms of the plea agreement each remains free to argue which guideline section(s) should or should not apply [¶ B.2.]; the government's agreement not to object to the defendant being given the benefit of the "safety valve" provisions of Sentencing Guideline § 5C1.2 and 18 U.S.C. § 3553 [¶ B.2.]; the government's agreement to recommend a sentence within the applicable guideline range [¶ B.2.]; the acceptance of responsibility provision [¶ B.2.]; the substantial assistance provision [¶ B.3.]; the defendant's financial disclosure obligation [¶ B.4.b.]; the terms of the defendant's consent to forfeiture and *inter alia* her waiver of any defenses of per proportionality, any right to a jury determination of forfeitability issues (*see Libretti v. United States*, 516 U.S. 29) and any right of appeal *(see United States v. Austin,* 509 U.S. 602) [¶ C.]; the defendant's express waiver of her right to appeal for any reason whatsoever [¶ D.2.]; the defendant's express waiver of

---

[1] Base offense level: 26 (at least 500 grams but less than 2 kilograms of cocaine).

5

her right to make any collateral attack on any judgment or sentence imposed by the court [¶ D.3.]; the defendant's abandonment of any seized property [¶ D.6.]; the defendant's waiver of all rights to access of investigation or prosecution records or information [¶ D.4.]; the agreement's evidence proffer provision [¶ D.7.]; the terms of the defendant's statute of limitations waiver [¶ E.]; and the substance of the agreement's other terms and provisions. *See* Rule 11(b)(1)(B)–(N) and 11(c)(1)–(3).

After which, the defendant was asked what her understanding of the terms of the agreement was, and she testified that her understanding was precisely the same as that set forth by the government's attorney. Counsel for the defendant, likewise, represented that his understanding was the same, and he noted the fact that the plea agreement provided specifically for the dismissal of Counts 2 through 7 of the Indictment. He further represented that he had reviewed each of the terms of the plea agreement with the defendant and was satisfied that the defendant understood all of its terms.

The defendant was then shown the original of the plea agreement; and she affirmed it to be her signature on the document. She further testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce her to enter a plea of guilty in this case and that no one had attempted in any way to force her to plead guilty in this case. After looking at her signature on the Plea Agreement, the defendant acknowledged it to be her signature and that it represented her entry into a binding agreement [*See* ¶ F.2.]. The agreement was then received, filed and made a part of the record, and it was noted for the record that the written plea agreement

constitutes the best statement of its terms, and as such it "speaks for itself."

After counsel for the government outlined the range of punishment for the offense charged in Count One of the Indictment, the defendant acknowledged that she understood the minimum statutory penalty for conviction of the offense charged in Count One of the Indictment to be confinement in a federal penitentiary for five (5) years [2] and that she understood the maximum possible penalty provided by law for conviction of the offense charged in Count One of the Indictment to be confinement in a federal penitentiary for forty (40) years, a $2,000,000.00 fine, and a term of supervised release after completion of any term of incarceration. *See* Rule 11(b)((H)-(I). In addition, the defendant acknowledged that she understood that she would be required to pay a mandatory $100.00 special assessment. *See* Rule 11(b)(1)(L).

The defendant then acknowledged that she knew her plea, if accepted, would result in her being adjudged guilty of a felony offense and that such adjudication may deprive her of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

The defendant was informed, and she expressly acknowledged, that the court's determination of her sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the

---

[2] The defendant was informed and she stated that she understood that she could be sentenced to less than five years imprisonment only if the government makes a motion pursuant to 18 U.S.C. § 3553(e) on her behalf [*See* ¶ B.3.] or if she qualifies for the "safety valve" provision set forth in 18 U.S.C. § 3553(f).

7

offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution. She also acknowledged that she understood the court may order her to make full restitution to any victim and may require her to forfeit certain property to the government. See Rule 11(b)(1)(J)–(K).

The defendant testified that she and her attorney had talked about how the Sentencing Commission Guidelines might apply to her case and the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines and other factors under 18 U.S.C. § 3553(a). *See* Rule 11(b)(1)(M). She stated that she understood that the court will not be able to determine the recommended guideline sentence for her case until after the pre-sentence report had been completed and she and the government each had an opportunity to challenge the facts reported by the probation officer.

The defendant then acknowledged that she knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and she knew that irrespective of any sentence imposed by the court she would have no right to withdraw this guilty plea. *See* Rule 11(c)(3)(B). She acknowledged that she knew parole had been abolished and that she would not be released on parole. She further acknowledged that she knew and understood any sentence of incarceration imposed by the court would also include a period of "supervised release," and she

8

knew any violation of the terms or conditions of such supervised release could result in her being returned to prison for an additional period of time. *See* Rule 11(b)(1)(H).

Each of her procedural rights surrendered on a plea of guilty was also explained: including, her right to plead not guilty to any offense charged against her and her right to persist in any such not guilty plea; her attendant right to a trial by an impartial jury; her right to counsel to assist in her defense; her presumption of innocence, the obligation of the government to prove her guilt beyond a reasonable doubt, her right at trial to see, to hear, to confront, and to have cross-examined all witnesses presented against her; her right to decline to testify unless she voluntarily elected to do so in her own defense, her right to remain silent; her right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in her defense, and her right to a unanimous guilty verdict. *See* Rule 11(b)(1)(B)– (E). The defendant testified that she understood her right to plead not guilty and the attendant trial rights that she would waive by pleading guilty. *See* Rule 11(b)(1)(F).

In direct response to further questioning, the defendant also testified that she was pleading guilty because she was in fact guilty of participating in a criminal agreement and scheme to distribute cocaine in the amount and in the manner described in Count One of the Indictment.

To permit the court to determine whether an independent basis in fact existed for the defendant's plea, counsel for the government submitted for filing a written Statement of Facts which summarized the facts that the government was prepared to prove at trial. In addition counsel for the

9

government represented that the "controlled purchase" drug weights and content set forth in the written statement had been fully confirmed and verified by appropriate laboratory analysis. After confirming that this combined written and oral statement had been fully reviewed with the defendant, both she and her attorney agreed that it fairly summarized the government's case. *See* Rule 11(b)(3). It was then received, filed and made a part of the record.

After testifying that she had heard and understood all parts of the proceeding, the defendant consulted with her attorney, voluntarily waived a reading of the Indictment and entered a plea of GUILTY to Count One alleging her violation of Title 21, United States Code, Sections 841(b)(1)(B) and 846. The clerk then read the written guilty plea form to the defendant; after acknowledging it to be correct, the defendant executed it, and it was filed and made a part of the record.

After entering her plea of guilty and after an independent basis for the plea was established, the defendant was again addressed personally, and she reconfirmed that her decision to plead guilty was fully voluntary and that it did not result from any force, threats, promises of leniency or other inducement of any kind (other than that expressly set forth in the plea agreement). *See* Rule 11(b)(2). The defendant also reconfirmed her complete satisfaction with the services and assistance of her attorney.

The defendant was then informed that acceptance of the plea agreement and her guilty plea would be recommended to the presiding district judge, that a pre-sentence report would be prepared, that she would be asked to give information for that report, that her attorney may be present if she

wished, and that she and her attorney would have the right to read the pre-sentence report and to file objections to it.

The defendant was continued on her bond pursuant to the same terms and conditions, and she was reminded that the penalties can be very severe for any failure to appear as required in a criminal proceeding or for any other violation on the terms and conditions of her release.

## GOVERNMENT'S EVIDENCE

The agreed written Statement of Facts is incorporated herein and made a part hereof by reference. In addition, the government, by its counsel, represented that both the weights and cocaine content of all controlled-buys had been confirmed by appropriate laboratory analysis.

## FINDINGS OF FACT

Based on the evidence, the representations of counsel, and the defendant's sworn testimony presented as part of the hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea to the charge set forth in Count One of the Indictment;

2. The defendant is fully aware both of the nature of the charge set forth in Count One of the Indictment and of the consequences of her guilty plea;

3. The defendant is fully informed, and she understands, the applicable enumerated items set forth in Rule 11(b)(1)(A)–(N);

4. The defendant's plea of guilty was made pursuant to a written plea agreement with the government;

5. The defendant's tender of a plea of guilty was made with the advice and assistance of counsel;

6. The defendant knowingly and voluntarily entered in to the plea agreement and knowingly and voluntarily entered a plea of guilty to Count One of the Indictment;

7. The defendant's plea of guilty is fully voluntary and did not result from force, threats, promises, or inducements of any kind other than as expressly set forth in the written plea agreement; and

8. The evidence presents an independent basis in fact containing each essential element of the offense to which the defendant pleaded guilty.

## RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Count One of the Indictment, that she be adjudged guilty of the offense, and that a sentencing hearing be set by the scheduling clerk on a date and time convenient to the presiding district judge.

## NOTICE TO PARTIES

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made. The presiding district judge may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions. **A failure to file timely written objections to these proposed findings and recommendations within ten (10) days could waive appellate review.**

At the conclusion of the ten-day period, the Clerk is directed to transmit the record in this matter to the presiding United States district judge, and the clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record.

DATED: 7th day of August 2009.

/s/ *James G. Welsh*
United States Magistrate Judge

13

Case 5:09-cr-00022-SGW-JGW   Document 47   Filed 08/10/09   Page 13 of 13   Pageid#: 114